# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

ANTHONY WAYNE FAGAN                                          PLAINTIFF

v.                                        CIVIL ACTION NO. 5:10-CV-P132-R

DANIEL BOAZ et al.                                         DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Anthony Wayne Fagan, *pro se*, is a state pretrial detainee. He has filed a complaint on the Court's approved complaint form for complaints brought under 42 U.S.C. § 1983. Fagan asks for no monetary damages; instead he asks for relief in the form of having the Court assist in having him treated in the context of his state court criminal cases by "what is right by law." Among other things, he complains that his court-appointed attorney is not following his directions and that Defendants are disregarding his right to be free from double jeopardy.

In all cases, substance must govern over nomenclature. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."). By seeking injunctive relief and, by implication, dismissal of his state charges and his immediate release from custody, Fagan advances no cognizable § 1983 claim but instead is asserting a 28 U.S.C. § 2241[1] federal habeas claim. *Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14 (1973) (to the extent a prisoner attacks the legality of his custody or is seeking release from custody, his only federal remedy is a writ of habeas corpus). "[A] prisoner in state custody

---

[1] 28 U.S.C. § 2241 provides a federal habeas remedy to a state pretrial detainee who contends that he is being held in custody in violation of the Constitution, laws, or treaties of the United States. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-90 (1973).

cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (internal quotation marks and citations omitted); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

Since Fagan's claim challenges the legality of his confinement, it falls within the "core" of habeas corpus and thus may not be bought under § 1983. *Nelson*, 541 U.S. at 643. But before he can pursue federal habeas relief, he must first exhaust his state remedies. *See Braden*, 410 U.S. at 489. Here, Fagan represents that there exists a state criminal proceeding or proceedings against him in the state court. Thus, Fagan has the option of going to trial in the state criminal case and then directly appealing any conviction. Thus, he has available state remedies that he must exploit before seeking federal habeas relief here.

Accordingly, the Court recharacterizes Fagan's 42 U.S.C. § 1983 complaint as a 28 U.S.C. § 2241 federal habeas petition and will dismiss it without prejudice for lack of exhaustion.

## CERTIFICATE OF APPEALABILITY

Before this Court's decision may be appealed, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and the Court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the Court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484. In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

For the reasons set forth above, the Court will deny the petition and dismiss this action. The Court will enter an Order consistent with this Memorandum Opinion.

Date:


cc: Plaintiff, *pro se*
    Defendants
4413.009